IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BILL LIETZKE,

                Plaintiff,

      vs.

CITY OF BIRMINGHAM, Et Al;
PATRICK D. SMITH, Chief; and
GREYHOUND LINES, INC.,

                Defendants.

**4:19CV3093**

**MEMORANDUM
AND ORDER**

This matter is before the court upon Plaintiff Bill Lietzke's ("Plaintiff" or "Lietzke") Motion to Proceed in Forma Pauperis ("IFP"). (Filing No. 2.) Upon review of Plaintiff's Motion, the court finds that Plaintiff is financially eligible to proceed in forma pauperis. However, having reviewed the pleadings in this matter, the court finds that this lawsuit should be dismissed for lack of venue.

## I. BACKGROUND

Lietzke's Complaint names the City of Birmingham, Chief Patrick D. Smith, and Greyhound Lines, Inc. as Defendants. (*See* Filing No. 1 at CM/ECF pp. 1, 6.) Liberally construed, Lietzke asserts claims against the City of Birmingham, Greyhound Lines, Inc., and "four (4) unidentified, unspecified black male Defendants, Birmingham Greyhound Lines terminal Defendants and City of Birmingham Defendants"[1] for, *inter alia*, violations of his constitutional rights. (Filing No. 1.)

---

[1] *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

Lietzke alleges that on or about April 20, 2018, upon his arrival at the Birmingham, Alabama Greyhound Lines terminal, Defendants "procured the harassment, the unlawful arrest, the unlawful violation of the personal liberty, and the subsequent false imprisonment of Plaintiff Bill Lietzke." (*Id*. at CM/ECF p. 3.) Lietzke further alleges that he purchased Greyhound bus tickets in February 2012 and again on or about April 16, 2018, for travel from California to Montgomery, Alabama, and the "St. Louis, Missouri Greyhound Lines, Inc. intercepted and stole the Plaintiff's . . . bus tickets and itinerary for unexplainable and suspicious reasons." (*Id*. at CM/ECF pp. 4–5.) As a result, Lietzke claims "Defendants Greyhound Lines, Inc. failed in their obligation to transport the Plaintiff safely to Montgomery, Alabama, [and] instead, assaulted, taunted, bullied, and subjected the Plaintiff to unlawful arrest, false, imprisonment, and . . . violated the Plaintiff's First Amendment and Fourth Amendmen[t] rights." (*Id*. at CM/ECF p. 5.) As relief, Lietzke seeks $2.0 billion in damages.

Lietzke has filed complaints with nearly identical allegations on at least seven other occasions. These complaints were filed with courts in Alabama, Alaska, California, Montana, and Oregon and were all dismissed. *See Lietzke v. Greyhound Lines, Inc.*, No. 2:18-CV-01650-VEH (N.D. Ala. Feb. 4, 2019) (dismissing complaint for Plaintiff's failure to respond to court's Dec. 11, 2018 order to show cause and for lack of subject matter jurisdiction); *Lietzke v. Greyhound Lines Inc.*, No. 2:18-CV-01853-KOB (N.D. Ala. Dec. 11, 2018) (dismissing complaint with prejudice as duplicative of Plaintiff's complaint against Greyhound in Case No. 2:18-CV-1650-JEO (N.D. Ala. 2018)); *Lietzke v. City of Montgomery, et al.*, No. 2:18-CV-00488-MHT-GMB, 2018 WL 4677837, at *6–8 (M.D. Ala. Aug. 8, 2018) (recommending dismissal of complaint on the merits), *adopted in part*, 2018 WL 4030696, at *1 (M.D. Ala. Aug. 23, 2018) (magistrate judge's recommendation adopted, except for recommendation to consolidate Plaintiff's fifteen other cases); *Lietzke v. Greyhound Lines, Inc.*, No. 3:19-CV-00106-TMB (D. Alaska June 11, 2019) (dismissing complaint for failure to state a claim, lack of personal and subject matter jurisdiction, improper venue, and

frivolity); *Lietzke v. Greyhound Lines, Inc.*, No. 4:18-CV-06197-HSG (N.D. Cal. Feb. 27, 2019) (dismissing complaint for lack of subject matter jurisdiction); *Lietzke v. Greyhound Lines, Inc.*, No. 9:19-CV-00062-DLC (D. Mont. May 10, 2019) (summarily dismissing complaint and designating Plaintiff a vexatious litigant); *Lietzke v. Greyhound Lines, Inc.*, No. 3:19-CV-00560-SB (D. Ore. July 10, 2019) (dismissing complaint for improper venue, lack of personal and subject matter jurisdiction, and as duplicative and malicious).

## II. DISCUSSION OF CLAIMS

Venue is generally governed by 28 U.S.C. § 1391, which provides, in pertinent part, that a civil action may be brought in (1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction if there is no district in which an action may otherwise be brought. Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether dismissal or transfer is in the interests of justice is committed to the sound discretion of the district court." *Poku v. F.D.I.C.*, 752 F. Supp.2d 23, 26–27 (D.D.C. 2010) (quotation omitted).

Here, Lietzke alleges that this court has both federal question jurisdiction and diversity of citizenship jurisdiction. (Filing No. 1.) However, from the face of the Complaint, it is clear that venue is improper in the District of Nebraska. None of the events described in the Complaint occurred in Nebraska, the Complaint suggests that Defendants reside in Alabama,[2] and Lietzke resides in Alabama.

---

[2] While Lietzke asserts that "the County of Residence of the Defendants is unidentified and unknown to the Plaintiff," (filing no. 1 at CM/ECF p. 1), there is absolutely no indication that any of the Defendants reside in Nebraska nor can the court

Because the court has concluded that venue is improper, the court must either dismiss this case or transfer it to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). The court finds dismissal without prejudice is the more appropriate action in this case. An initial review of Lietzke's Complaint raises serious concerns regarding the merit of Lietzke's claims as his Complaint contains only bare, conclusory allegations without any supporting facts to plausibly suggest that Defendants are liable for any misconduct. *See* 28 U.S.C. § 1915(e)(2) (requiring a court to review in forma pauperis complaints and dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief). In this regard, the court takes judicial notice of the fact that the U.S. District Court for the Middle District of Alabama dismissed a nearly identical complaint on the merits and, thus, Leitzke's continued litigation of his claims would appear to be duplicative and frivolous. *See Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (district courts may dismiss duplicative complaints under 28 U.S.C. § 1915 as frivolous). Further, the court has no reason to believe that Lietzke's claims are subject to a rapidly-approaching statute of limitations deadline. Also, Lietzke should have realized prior to filing the Complaint that Nebraska was an improper venue, especially in light of his other cases based on the same fact pattern. *See Weldon v. Ramstad-Hvass*, 512 Fed. Appx. 783, 798 (10th Cir. 2013) (stating that the factors a court should consider in evaluating whether transfer is appropriate are (1) whether the new action would be time-barred; (2) whether the plaintiff's claims have merit; and (3) whether the plaintiff should have realized the chosen forum was improper). Accordingly, Lietzke's action will be dismissed.

---

reasonably infer that any Defendants reside within Nebraska from the Complaint's allegations.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motion to Proceed In Forma Pauperis (Filing No. 2) is granted.

2.    This case is dismissed without prejudice to reassertion in the proper forum.

3.    Judgment will be entered by separate document.

Dated this 22nd day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge